47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Bernard SANDERS, Plaintiff-Appellant,
v.
Christine BRADLEY, Commissioner of the Tennessee Department
of Correction; Billy McWherter, Regional Administrator of
the Tennessee Department of Correction, West Tennessee
Division; Fred Raney, Warden of Fort Pillow Prison and Farm;
Tommy Mills, Associate Warden of Operations at Fort Pillow
Prison and Farm, Defendants-Appellees.
 No. 94-5341.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Gary Bernard Sanders, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983 and denying his request for a preliminary injunction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Sanders sued several officials of the Tennessee Department of Corrections (TDOC) and employees of the Fort Pillow Prison and Farm in their individual and official capacities. Sanders's complaint basically challenges the Tennessee Department of Corrections Inmate Telephone System (ITS) which was installed in the Tennessee prisons during 1993 and which provides for the monitoring and recording of inmate telephone calls, except calls to an inmate's attorney. Sanders alleged that the new telephone system violates his (and other inmates') First Amendment right of access to the courts, that defendant Bradley was without statutory authority to promulgate, enforce or enact TDOC policy 503.08 which mandates the monitoring and recording of inmate telephone calls, that TDOC policy 503.08 denies inmates equal protection under the law, and that TDOC policy 503.08 provides plaintiff with a state-created right of access to the ITS. Sanders also alleged that he was denied due process when the telephone credit card his mother sent to him in the mail was seized and returned to his mother. Sanders sought injunctive relief in the form of a preliminary injunction to enjoin the defendants from adopting TDOC policy 503.08 which implements the new ITS.
 
 
 4
 The district court granted defendants' summary judgment motion on all of Sanders's claims and denied his request for a preliminary injunction. On appeal, Sanders continues to argue the merits of his case except his claim regarding the defendants' alleged confiscation of his mail, i.e., the telephone credit card sent to him by his mother.
 
 
 5
 Initially, we note that on appeal, Sanders did not raise his claim regarding the defendants' alleged seizure of his mail (telephone credit card). Issues that were raised in the district court yet not raised on appeal are considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 6
 We also note that to the extent Sanders sued the defendants in their official capacity for monetary relief, the defendants are not subject to suit in that capacity under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 7
 Upon de novo review, we conclude that the district court properly entered summary judgment in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Dismissal was proper as to Sanders's access to the courts claim because he did not allege, and the facts do not otherwise show, that he has suffered any actual prejudice as a result of implementing the new phone system. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985). Sanders's conclusory allegation of how the new telephone system may deny him access to the courts in the future is insufficient to sustain an access to the courts claim. The TDOC's new system satisfies the recent analysis of this issue set out by our court in Washington v. Reno, 1994 U.S. App. LEXIS 26833, * 19-22 (6th Cir. Sept. 26, 1994).
 
 
 8
 Furthermore, the monitoring and taping of an inmate's phone conversations does not violate an inmate's Fourth Amendment rights because prison inmates have no reasonable expectation of privacy in this context. United States v. Amen, 831 F.2d 373, 379 (2d Cir. 1987), cert. denied, 485 U.S. 1021 (1988). Tenn. Code Ann. Sec. 4-3-603 gives the Commissioner of the TDOC the authorization to implement and control the ITS. Sanders's remaining claims are frivolous.
 
 
 9
 The district court did not abuse its discretion when it denied Sanders's request for a preliminary injunction. See International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir. 1991), cert. denied, 112 S. Ct. 2941 (1992).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation